UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDWARD BASES and<br>JOHN PACILIO | No. 18 CR 48<br><br><br>Judge John Z. Lee |

**GOVERNMENT'S OPPOSITION TO DEFENDANT JOHN PACILIO'S MOTION TO DISMISS COUNT TWENTY OF THE SECOND SUPERSEDING INDICTMENT**

The defendant, John Pacilio, has moved to dismiss the sole spoofing charge—Count Twenty—in the Second Superseding Indictment. *See* Corrected Mot. to Dismiss Count Twenty of the Second Superseding Indictment (Doc. No. 265). The defendant's chief complaint is that Count Twenty lacks "specificity because it fails to provide Mr. Pacilio notice of the dates, times, and conduct involved in the trades on which the grand jury returned an indictment for spoofing." Corrected Mem. in Support of Mot. to Dismiss Count Twenty of the Second Superseding Indictment (Doc. No. 266) ("Mem.") at 2.

That is an absolutely bewildering claim. The charging language in Count Twenty alleges with specificity that the defendant engaged in the practice of spoofing between July 16, 2011 and November 2014, "including through an order . . . to sell 100 silver futures contracts at approximately 10:57:47.876 a.m. on or about April 17, 2014." Second Superseding Indictment (Doc. No. 244) ¶ 30. The defendant's original brief in support of his motion neglected entirely to include that language, *see* Mem. in Support of Mot. to Dismiss Count Twenty of the Second Superseding Indictment

(Doc. No. 262), and even his "corrected" brief gives it only cursory treatment, *see* Mem. at 7.[1] But this allegation plainly satisfies the baseline requirement that an indictment "provide some means of pinning down the specific conduct at issue." *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000). Moreover, the exact spoof order specified in Count Twenty of the Second Superseding Indictment previously was alleged in Count Seven of the original Indictment, which was returned on July 17, 2018, *see* Indictment (Doc. No. 66) ¶ 24, and thus it is not time-barred, *see United States v. Ross*, 77 F.3d 1525, 1537 (7th Cir. 1996) ("[A] superseding indictment that supplants a still-pending original indictment relates back to the original indictment's filing date so long as it neither materially broadens nor substantially amends the charges initially brought against the defendant.").

To be clear, the government believes spoofing *can* be charged as a scheme offense insofar as the statute criminalizes a "practice." 7 U.S.C. § 6c(a)(5). Indeed, spoofing is routinely charged as a scheme by the United States Commodity Futures Trading Commission. *See, e.g.*, *CFTC v. Nowak, et al.*, No. 19 CV 6163 (N.D. Ill. 2019) Compl. (Doc. No. 1) ¶ 48 ("Defendants' spoofing scheme included the placement of thousands of Spoof Orders"); *CFTC v. Zhao*, No. 18 CV 620 (N.D. Ill. 2018) Compl. (Doc. No. 1) ¶ 24 ("During the Relevant Period, as part of the ongoing Scheme, . . .

---

[1] The most substantive "correction" seems to be a single begrudging reference to the actual charging language in Count Twenty and, in particular, the allegation as to April 17, 2014. It is very surprising that this crucial language was omitted from the defendant's original brief, but even the corrected brief fails to concede its significance.

Zhao entered about . . . 3,100 Spoof Orders"). But the Court need not reach this issue here, because Count Twenty alleges a specific (timely) spoof order on which the jury can render a unanimous verdict. As a result, just as the defendants' vagueness and statute of limitations arguments fail, so does his duplicity claim.

Accordingly, the government respectfully requests that the Court deny the defendant's motion to dismiss Count Twenty of the Second Superseding Indictment.

Respectfully submitted,

ROBERT A. ZINK
Chief
Criminal Division, Fraud Section
U.S. Department of Justice

By: *\/s/ Avi Perry*
Avi Perry, Assistant Chief
Scott Armstrong, Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
Telephone: (202) 616-4619
Email: avi.perry@usdoj.gov

Dated: March 27, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2020, I will cause the foregoing to be electronically field with the Clerk of the Court using the CM/ECF system, which will provide copies to counsel for all parties.

/*s/ Avi Perry*
Avi Perry, Assistant Chief
U.S. Department of Justice
Criminal Division, Fraud Section