**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **18 CR 48-2** |
| | ) | |
| **JOHN PACILIO,** | ) | **Judge John Z. Lee** |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Defendant John Pacilio has been indicted on numerous counts arising from trading practices in the commodity futures markets that, according to the government, amounted to "spoofing"—that is, placing bids or offers with the intent not to execute them. Relevant to this motion, Count Twenty of the Second Superseding Indictment charges Pacilio with violating the anti-spoofing provision of the Commodities Exchange Act, 7 U.S.C. §§ 6c(a)(5)(C) and 13(a)(2). Pacilio moves to dismiss this count on three grounds: duplicity, lack of specificity, and the statute of limitations. Because the Court concludes that Count Twenty is duplicitous, Pacilio's motion is granted, and his alternative arguments need not be addressed.

## I. **Background**[1]

Pacilio was employed by two banks to trade precious metals futures contracts from 2007 to 2019. Second Superseding Indictment ¶ 1(b), ECF No. 244. Between at least July 2011 through November 2014, Pacilio engaged in a strategy to manipulate commodities futures prices to his advantage by bidding on, and offering orders for, precious metals commodities futures contracts with the intention to cancel those bids and orders before they were executed. *Id.* ¶ 30. Pacilio used these orders, the government alleges, to inject false and misleading information into the market. *Id.* ¶ 7. By influencing other participants in the market, this information increased the likelihood that Pacilio could execute the orders that he had placed on the other side of the market, allowing Pacilio to profit without exposing himself to financial risk. *Id.* ¶¶ 13–14.

Count Twenty charges Pacilio with spoofing in violation of 7 U.S.C. §§ 6c(a)(5)(C) and 13(a)(2). *Id.* ¶ 30. The charged conduct "includ[es] . . . an order that [Pacilio] placed to sell 100 silver futures contracts at approximately 10:57:47.876 a.m. on or about April 17, 2014." *Id.* In addition to this example, Count Twenty also incorporates paragraph 1 and paragraphs 4 through 20 of the Second Superseding Indictment. *Id.* ¶ 29. Of those, paragraphs 16 through 20 describe particular instances when Pacilio and his co-conspirators allegedly engaged in spoofing activity. *Id.* ¶¶ 16–20.

---

[1] The following factual allegations are taken from the Second Superseding Indictment and are accepted as true in evaluating Pacilio's motion to dismiss. *See United States v. Clark*, 728 F.3d 622, 623 (7th Cir. 2013).

## II. Legal Standard

A defendant may move to dismiss an indictment based on a defect, including "(i) joining two or more offenses in the same count (duplicity); (ii) charging the same offense in more than one count (multiplicity); (iii) lack of specificity; (iv) improper joinder; and (v) failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B). "To successfully challenge the sufficiency of an indictment, a defendant must demonstrate that the indictment did not satisfy one or more of the required elements and that he suffered prejudice from the alleged deficiency." *United States v. Vaughn*, 722 F.3d 918, 925 (7th Cir. 2013). "The test for validity is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *United States v. Hausmann*, 345 F.3d 952, 955 (7th Cir. 2003).

Under Federal Rule of Criminal Procedure 7(c)(1), "[t]he indictment or information must be a plain, concise, and definite statement of the essential facts constituting the offense charged." An indictment satisfies that requirement if it: "(1) states all the elements of the crime charged; (2) adequately informs the defendant of the nature of the charges so that he may prepare a defense; and (3) allows the defendant to plead the judgment as a bar to any future prosecutions." *United States v. White*, 610 F.3d 956, 958 (7th Cir. 2010). For the purpose of analyzing a motion to dismiss, the allegations in the indictment are taken as true and viewed in a light most favorable to the Government. *Clark*, 728 F.3d at 623; *United States v. Yashar*, 166 F.3d 873, 880 (7th Cir. 1999).

## III. Analysis

In support of his motion to dismiss, Pacilio argues, among other things, that County Twenty is duplicitous. The government, while devoting most of its brief to addressing Pacilio's lack-of-specificity and statute-of-limitations arguments, argues that Count Twenty describes a scheme offense, allowing the government to charge Pacilio with multiple instances of criminal behavior under a single count.

A count is duplicitous if it "charges more than one distinct and separate offense." *United States v. Berardi*, 675 F.2d 894, 897 (7th Cir. 1982); *United States v. Shorter*, 874 F.3d 969, 976 (7th Cir. 2011).[2] "The overall vice of duplicity is that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or both." *United States v. Buchmeier*, 255 F.3d 415, 425 (7th Cir. 2001) (quotation marks and citation omitted).

Courts analyze a count's duplicitousness based on "(1) whether defendant's alleged actions may legitimately be regarded as a single course of conduct during a discrete time period; and (2) whether defendant would be prejudiced by h[er] prosecution on a single-count basis." *United States v. O'Brien*, No. 17 CR 239-1, 2017 WL 5192032, at *4 (N.D. Ill. Nov. 9, 2017) (internal quotation marks omitted), *aff'd*, 953 F.3d 449 (7th Cir. 2020); *see Berardi*, 675 F.2d at 899 (highlighting as important

[2] This doctrine is rooted in Rule 8(a), which requires that offenses charged in a single count must be: (1) "of the same or similar character; (2) "based on the same act or transaction"; or (3) "connected with or constitute parts of a common scheme or plan." Fed R. Crim. P. 8(a); *see Berardi*, 675 F.2d at 897 n.5; *see also United States v. Davis*, 471 F.3d 783, 790 (7th Cir. 2006).

to a duplicity analysis joined offenses constituting "a continuing course of conduct" and subjecting the defendant to "dangers" like inadequate notice, double jeopardy, prejudicial evidentiary rulings, and convictions by a less than unanimous verdict).

**A. Single Course of Conduct**

Pacilio urges that Count Twenty is duplicitous because the actions it alleges do not constitute a single course of conduct. He is correct.

Count Twenty alleges that Pacilio committed spoofing "beginning on or about July 16, 2011, and continuing through in or around at least November 2014" with regard to "orders for gold, silver, platinum, and palladium futures contracts, including through an order that Pacilio placed to sell 100 silver futures contracts at approximately 10:57:47.876 a.m. on or about April 17, 2014." Second Superseding Indictment ¶ 30. Referring to that last part, the government contends that Count Twenty is not duplicitous because the jury can reach a unanimous verdict as to that specific order. However, not only does the count incorporate the five trading events that were alleged earlier in the Second Superseding Indictment, by using the word "including," it leaves the jury to guess as to what other transactions are included in the count.

Nor can Count Twenty be construed to allege a "single course of conduct during a discrete time period," because each and every alleged trading event that took place over the course of the four-year period is an event that "occur[red] at a single point in time." *See United States v. Schock*, No. 16-CR-30061, 2017 WL 4780614, at *20 (C.D.

Ill Oct 23, 2017) (dismissing count as duplicitous because each alleged theft of government funds over a five-year period was a single, separate instance).

In response, the government argues that Count Twenty is not duplicitous, because spoofing under § 6c(a)(5)(C) can be charged as a scheme offense. To press this argument, the government points out that § 6c(a)(5)(C) proscribes "any trading, *practice*, or conduct." But, unlike the wire fraud and commodities fraud statutes, what that section does not include is the word "scheme." *Compare* 7 U.S.C. § 6c(a)(5)(C) ("It shall be unlawful for any person to engage in any trading, practice, or conduct . . . ."), *with* 18 U.S.C. § 1343 (criminalizing any "scheme or artifice" to commit wire fraud), *and* 18 U.S.C. § 1348 (criminalizing any "scheme or artifice" to commit commodities fraud").

By contrast, other provisions of the Commodities Exchange Act do contain the word "scheme," demonstrating Congress's understanding of the term and its significance. *See, e.g.*, 7 U.S.C. § 6b(e)(1) ("to employ any device, *scheme*, or artifice to defraud" (emphasis added)); 7 U.S.C. § 6o(1)(A) (criminalizing commodity advisors' and pool operators' employment of "any device, *scheme*, or artifice to defraud" current and prospective clients or participants (emphasis added)). Reading "practice" to mean "scheme," as the government suggests, ignores this distinction. *See Russello v. United* States, 464 U.S. 16, 23 (1983) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."). In fact, other circuits have found the presence or absence of

the word "scheme" dispositive in determining whether or not a statute creates a scheme offense. *See United States v. Reagan*, 596 F.3d 251, 253–54 (5th Cir. 2010); *United States v. Brechtel*, 997 F.2d 1108, 1112 (5th Cir. 1993); *United States v. Busacca*, 936 F.2d 232, 239 (6th Cir. 1991). Accordingly, the Court concludes that spoofing under § 6c(a)(5)(C) is not a scheme offense.

**B. Prejudice**

One way a duplicitous indictment prejudices a defendant is by "allowing him to be "convicted by a less than unanimous verdict." *Berardi*, 675 F.2d at 899. Another way is by placing him in double jeopardy. *See United States v. Tanner*, 471 F.2d 128, 139 (7th Cir. 1972) ("The prohibition against duplicity is designed to . . . guard against the possibility that confusion as to the basis of the verdict may subject the defendant to double jeopardy in the event of a subsequent prosecution.") (internal quotation marks omitted).[3]

Pacilio argues that he is prejudiced by the duplicitousness of Count Twenty. The Court agrees. As Count Twenty currently stands, a jury could find Pacilio guilty of spoofing under § 6c(a)(5)(C) so long as each member of the jury finds that Pacilio committed spoofing at some point during the relevant time period, even if there is no

[3] The Seventh Circuit has held that a duplicitous count does not constitute harmless error where the count "[does] not adequately reveal the [Government's] case . . . against . . . the . . . defendant[]." *Tanner*, 471 F.2d at 139 (reversing a conviction based on a duplicitous count). If the count does not adequately reveal the government's case against the defendant, neither the government's revelation of more detailed information "at a comparatively late stage in the proceedings" nor "extensive" pre-trial discovery may "cure[] the defects" of a duplicitous count. *Id.* To defend a count from a duplicitousness claim, the government must address fair notice and double jeopardy considerations. *See id.*

unanimity that he did on any particular occasion. Under this scenario, Pacilio could be convicted by a less-than-unanimous jury.

Furthermore, consider the scenario where a unanimous jury finds that Pacilio committed spoofing on one particular instance (say, the April 17 transaction), but not on others during the 2011 to 2014 timeframe. As Count Twenty currently stands, the jury could convict Pacilio on that count, and the government could try in a subsequent proceeding to charge Pacilio with spoofing as to the other incidents, even though it now claims that they are part of the count. This would expose Pacilio to double jeopardy.

While the government points to the April 17, 2014, trading incident as an example, in reality Count Twenty embraces many trading sequences, any one of which could give rise to Pacilio's alleged violations of § 6c(a)(5)(C), squarely implicating the constitutional concerns identified by the Seventh Circuit in *Berardi*, *Tanner*, and *Davis*. *See* 675 F.2d at 899; 471 F.2d at 139; 471 F.3d at 790.

The proper remedy for a duplicitous count here is dismissal. It is true that the Seventh Circuit has held that jury instructions could alleviate the risks posed by a duplicitous indictment. *See Buchmeier*, 255 F.3d at 425; *United States v. Marshall*, 65 F.3d 1097, 1112 (7th Cir. 1996); *United States v. Cherif*, 943 F.2d 692, 701 (7th Cir. 1991). But each of these cases addressed the issue of duplicitousness after the completion of a jury trial and the defendant's conviction. In this case, the proper remedy is dismissal of the duplicitous count, allowing the government to seek a clearer superseding indictment. *United States v. Bessigano*, No. 2:08 CR 110, 2008

WL 4833110, at *3 (N.D. Ind. Nov. 4, 2008); *see Davis*, 471 F.3d at 790 ("If the indictment confused the defendant, the proper time to raise that objection was before trial, allowing the court an opportunity to correct the error and allowing the government to seek a superseding indictment." (cleaned up)).

## IV. Conclusion

For the foregoing reasons, Defendant Pacilio's Motion to Dismiss Count Twenty of the Second Superseding Indictment is granted.

**IT IS SO ORDERED**

**ENTERED: 10/16/20**

**JOHN Z. LEE**
**United States District Judge**